**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

REGINA HARVEY,

        Plaintiff,

    v.

BRIGHAM & WOMEN'S HOSPITAL, INC.

        Defendant.

Civil Action No. 1:24-cv-10652

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendant Brigham & Women's Hospital, Inc. ("BWH" or "Defendant") respectfully submits this memorandum of law in support of its motion for dismissal of Plaintiff Regina Harvey's ("Ms. Harvey" or "Plaintiff") complaint (the "Complaint").

**INTRODUCTION**

Plaintiff is a former employee of BWH whose last day of employment was on October 1, 2020, following her resignation. Plaintiff did not file her charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") until September 10, 2021—344 days later. Accordingly, Plaintiff filed the Charge well outside the applicable 300-day statute of limitations for both state and federal discrimination claims. While the MCAD accepted Plaintiff's late-filed Charge as having been timely filed as of February 11, 2021, for the purposes of its investigation, that does nothing to salvage this Complaint based solely on a federal claim, which should be dismissed as time-barred.

As an initial matter, an agency's tolling of the statute of limitations, or determination as to timeliness, is not binding on this Court. Moreover, there is nothing on the record to suggest that equitable tolling would apply here. Indeed, Plaintiff has not alleged any facts or provided

1

any reason whatsoever for her failure to file the Charge on time, let alone facts sufficient to meet the high burden for equitable tolling of the statute of limitations.  Equitable tolling is strongly disfavored in discrimination cases and only permitted in exceptional circumstances, and Plaintiff fails to allege anything of the sort.  Instead, she simply alleges that "on February 11, 2021," she "timely presented her claims of discrimination" to the MCAD.  Complaint, ¶ 42.  The Complaint does not even attempt to explain or address why she did not file the Charge until September 10, 2021, let alone provide any facts that might justify tolling the limitations period.  Such a failure is fatal to her claim.

For these and the other reasons set forth herein, Plaintiff's one-count Complaint alleging discrimination in violation of Title VII is time-barred and should be dismissed with prejudice.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Ms. Harvey was hired by Massachusetts General Hospital in 2003.  Complaint, ¶ 8.  In 2006, Ms. Harvey transferred to BWH.  *Id.*  On October 1, 2020, Ms. Harvey resigned.  *Id.* at ¶ 39.  On September 10, 2021[2]—344 days later—Ms. Harvey filed a Charge of Discrimination (the "Charge") with the Massachusetts Commission Against Discrimination ("MCAD") (MCAD Docket No. 21BEM01847), which was, at some point, sent to the U.S. Equal Employment Opportunity Commission ("EEOC") for dual-filing purposes (EEOC/HUD Number 16C-2021-01627).  *See* Arnold Aff., Exs. A, B.[3]

---

[1] These facts are derived from the allegations in the Complaint, which are presumed true only for purposes of this Motion to Dismiss.  BWH reserves the right to contest these and any other facts alleged in the Complaint.

[2] The Charge lists the filing date with the MCAD as September 10, 2021.  *See* Affidavit of John D. Arnold ("Arnold Aff."), Ex. A.  It is clear from the records attached to the Charge, however, that Ms. Harvey did not electronically sign and acknowledge the Charge until September 14, 2021.  *See id.*, p. 4; 804 CMR § 1.04(2) (In order to effectuate filing by intake, the Complainant must both "participat[e] in the intake process with a Commission representative *and* sign[] the complaint."); *see also* 804 CMR § 1.04(5) ("The complaint shall be in writing, and shall be signed and verified by the complainant.  Verification consists of a signed statement, under the pains and penalties of perjury, by the complainant that they have read the complaint and that the allegations contained therein are true to the best of their knowledge.").  For purposes of this Motion, it is immaterial whether the Charge was filed on September 10, 2021, or September 14, 2021, as both dates fall outside the limitations period.

[3] The letter transmitting the Charge to the EEOC is dated May 19, 2023.  *See* Ex. B.

More than four months later, on February 28, 2022, the MCAD issued an Order of the Investigative Commissioner, whereby it "accept[ed] the complaint for being timely filed as of February 11, 2021" and stated that "the complaint is hereby authorized for investigation." (the "MCAD Order"). *See* Arnold Aff., Ex. C.  The MCAD Order states, in relevant part, that:

> According to her complaint, Complainant resigned from her employment with Respondent on October 1, 2020.  In applying this date, as the last alleged adverse employment action, Complainant shall file a complaint on or by July 29,[4] 2021.
>
> On February 11, 2021, Complainant mailed to this Commission an unverified complaint of discrimination against Respondent.  At the time she contacted the Commission, the complaint was timely filed.  By letter dated May 17, 2021, the Commission requested additional information from Complainant and encouraged her to schedule an intake appointment.  Complainant cured the filing defect by submitting a verification of her complaint.  Complainant also made multiple attempts to schedule an intake, resulting in her filing again on September 10, 2021.

*See id.*  There is no explanation provided for why Ms. Harvey did not timely file the Charge. Nor is it explained why, after she was contacted by the MCAD on May 17, 2021, Ms. Harvey did not promptly cure the deficiency by the filing deadline of July 29, 2021, and instead waited to file the Charge after the deadline, on September 10, 2021.

On March 7, 2022, the MCAD served the Charge on BWH and on May 19, 2023, the MCAD re-served the Charge on BWH.  *See* Arnold Aff., Ex. B, pp. 1, 2.  In both instances, the "filing date" listed on the Charge is September 10, 2021.  *See id.*

The EEOC Transmittal Letter dated May 19, 2023, indicates that the Charge was received by the MCAD for initial processing and sent to the EEOC for dual-filing purposes. Arnold Aff., Ex. B.  There is nothing in the EEOC Transmittal Letter, or elsewhere on the

---

[4] By our calculation, 300 days after October 1, 2020, is July 28, 2021, rather than July 29, 2021, but this minor, one-day discrepancy does not impact the Motion, because regardless of which date is used, the Charge was not timely filed.

3

record, to suggest that the EEOC accepted February 11, 2021, rather than September 10, 2021, as the filing date for the Charge. *See id.*

On February 8, 2024, Ms. Harvey filed a withdrawal request with the MCAD in which she indicated that she was withdrawing the Charge in order "to file a private right of action in civil court" and specified that "[s]he will be pursuing her claim through an action in superior court." *See* Arnold Aff., Ex. D, p. 1, 3. On March 5, 2024, Ms. Harvey filed with the MCAD an Emergency Motion to Reinstate Case at the MCAD ("Motion to Reinstate"). Arnold Aff., Ex. E. Therein, Ms. Harvey admitted that her claim fell outside the statute of limitations[5] and asserted that "[her] only avenue for relief" is to pursue her claim at the MCAD. *Id.* at ¶¶ 5–6.

On March 13, 2024, the EEOC issued to Ms. Harvey a "Dismissal and Notice of Rights Letter" (the "EEOC Letter"). Complaint, ¶ 45. Therein, the EEOC stated that it "is closing this charge because: Charging Party is pursuing claims in another forum." Complaint, Ex. 1, p.1.

On March 15, 2024, Ms. Harvey filed the Complaint with this Court. She alleged that she "timely presented her claims of discrimination" to the MCAD "[o]n February 11, 2021." Complaint, ¶ 42. Ms. Harvey did not explain in the Complaint that she did not file the Charge until September 10, 2021, or provide any explanation as to why she failed to file the Charge on time.

---

[5] Massachusetts has two required prongs for a discrimination claim to be timely: (1) it must first be filed with the MCAD within 300 days after the alleged unlawful practice occurred (M. G. L. c. 151B, § 5), and (2) any subsequent civil action must be brought no later than three years after the alleged unlawful practice occurred (M. G. L. c. 151B, § 9). If Ms. Harvey had filed a lawsuit in Massachusetts Superior Court after withdrawing her Charge from the MCAD on February 8, 2024, her claim would have failed both prongs, given that her final day of employment was on October 1, 2020. Complaint, ¶ 39.

## ARGUMENT

**A.**   **Legal Standard**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). *See also Sanders v. Phoenix Ins. Co.*, 843 F.3d 37, 42 (1st Cir. 2016). Failure to file a charge with the EEOC within the applicable statute of limitations—which is a condition precedent to filing suit in federal court—is fatal to a discrimination claim and warrants dismissal of the claim with prejudice. *See, e.g., Badio v. G4S Sol. USA*, No. 19-CV-12591-ADB, 2021 WL 102656, at *3 (D. Mass. Jan. 12, 2021) (granting motion to dismiss Title VII claim where plaintiff failed to file a charge with the EEOC within the statutory period).

In ruling on a 12(b)(6) motion, the court may consider certain narrow categories of documents outside the complaint—including, but not limited to, official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint—without converting the motion into one for summary judgment. *See Ironshore Specialty Ins. Co., v. United States*, 871 F.3d 131, 135 (1st Cir. 2017). "MCAD and EEOC documents are official public records subject to judicial notice," which may be considered for purposes of a motion to dismiss. *Gamst v. Bos. Univ.*, No. CV 23-12452-FDS, 2024 WL 758173, at *1 n.1 (D. Mass. Feb. 23, 2024); *see also Rodriguez v. Putnam Invs.*, No. CV 06-10819-MLW, 2007 WL 9798216, at *2 (D. Mass. Sept. 15, 2007) (taking judicial notice of MCAD and EEOC records on a motion to dismiss).

**B.**   **Plaintiff's Discrimination Claim is Barred by the Applicable Statute of Limitations.**

Under Title VII, a complainant is required to file an administrative complaint within either 180 or 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). Failure to comply with this requirement is grounds for dismissal. *See Badio*, 2021 WL

102656, at *3 ("Failing to file a charge with the EEOC within the statutory period precludes Plaintiff from pursuing legal action on his Title VII claims...."). Indeed, it is dispositive. "Failing to file a timely administrative charge *requires that any subsequent lawsuit be dismissed*." *Gamst*, 2024 WL 758173, at *2 (emphasis added).

It is undisputed that Ms. Harvey's employment with BWH ended on October 1, 2020. Complaint, ¶ 39. Therefore, she was required to file the Charge by no later than July 28,[6] 2021, in order for it to be timely filed. *See* 42 U.S.C. § 2000e-5(e)(1); Arnold Aff., Ex. C. She failed to do so, and instead filed 344 days later, on September 10, 2021, and her claim necessarily fails as a result. *See* Arnold Aff., Ex. A, p. 2. While the Complaint states that Ms. Harvey "presented her claims of discrimination" to the MCAD "[o]n February 11, 2021," that was not the date on which she filed the Charge. *See id.*; Complaint, ¶ 42. Instead, Ms. Harvey's Charge was filed on September 10, 2021—well past the 300-day deadline for a timely administrative charge. *See* Arnold Aff., Ex. A, p. 2. The case law is clear that merely "presenting [] claims of discrimination" to the MCAD or EEOC is not sufficient; a charge must actually be filed by the statutory deadline. *See Doe v. UMass-Amherst*, No. CV 19-30056-MGM, 2023 WL 8851056, at *21 (D. Mass. Dec. 21, 2023) (refusing to apply equitable tolling principles to untimely filed charge of discrimination based on plaintiff's prior correspondence with MCAD).

There can be no actual dispute that Ms. Harvey filed the Charge in September 2021, outside the statute of limitations. The filing date of September 10, 2021, is not only stated on the Charge itself,[7] it is also confirmed by an email exchange between an MCAD employee, Sangyeol Lee, and Ms. Harvey (which is integrated in the Charge), that Ms. Harvey filed the Charge in

---

[6] As indicated above, the MCAD stated that the Charge must be filed by July 29, 2021, instead of July 28, 2021, but that one-day discrepancy is immaterial for purposes of this Motion.

[7] *See* Arnold Aff., Ex. A, p. 2, "FILING DATE: 09/10/21."

6

September 2021.  *See* Arnold Aff., Ex. A, pp. 4–6.  On September 13, 2021, MCAD employee Sangyeol Lee sent Ms. Harvey an email that states: "Dear Ms. Harvey, on September 10, 2021, I spoke with you regarding events that occurred with Brigham and Women's in 2020.  I have drafted a summary of the events that you described to me and created a complaint based on those."  *Id.* at p. 4.  In response, Ms. Harvey wrote back on September 14, 2021, and thereby agreed that by submitting the Charge electronically to the MCAD for filing in September 2021, she verified under the pains and penalties of perjury that the allegations within it were true to the best of her knowledge.  *Id.*  Thus, the Charge was not filed until Plaintiff signed it in September 2021.  *See* 804 CMR § 1.04(2) (In order to effectuate filing by intake, the Complainant must both "participat[e] in the intake process with a Commission representative *and* sign[] the complaint."); *see also* 804 CMR § 1.04(5) ("The complaint shall be in writing, and shall be signed and verified by the complainant.  Verification consists of a signed statement, under the pains and penalties of perjury, by the complainant that they have read the complaint and that the allegations contained therein are true to the best of their knowledge.").

Moreover, given that the Complaint cites the same EEOC/HUD Number (16C-2021-01627) that is found on the Charge itself, there is no possibility of confusion as to which Charge is referenced in the Complaint.  Complaint, ¶ 43; Arnold Aff., Ex. A, p. 2 ("EEOC/HUD CHARGE NUMBER: 16C-2021-01627").  The Complaint clearly refers to and relies on the Charge that is time-barred.  *See Gamst*, 2024 WL 758173, at *3 (granting motion to dismiss where administrative charge was not timely filed according to the date on the MCAD charge itself, even though plaintiff's complaint suggested that the MCAD charge had been timely filed).

The fact that the EEOC issued the EEOC Letter to Ms. Harvey on March 13, 2024, does not reset or modify the statute of limitations.  This Court considered, and squarely rejected, that

same argument in *Welch v. People's United Bank, Nat'l Ass'n*, No. 20-CV-11390-ADB, 2021 WL 2018935, at \*2 (D. Mass. May 20, 2021). There, like here, the plaintiff filed with the EEOC more than 300 days after the most recent unlawful employment practice he claimed to have experienced. *Id.* Nevertheless, despite the filing being untimely, the EEOC later issued the plaintiff a right-to-sue letter. *Id.* This Court squarely rejected the argument that the issuance of the right-to-sue letter somehow made the untimely claim timely, stating:

> Plaintiffs argue that by issuing the right-to-sue letter, the EEOC "tacitly decided that [plaintiff's] claim was not time-barred." [ECF No. 29 at 2]. This argument misses the mark, however, because the EEOC's decision was based on resource constraints. See [ECF No. 22-3 at 3 ("We have reviewed all of the circumstances of this case and have determined that issuing you the requested Notice of Right to Sue is warranted at this time. Specifically, given our office's current workload, we have concluded that the EEOC will be unable to complete the processing of this charge within 180 days of the date the charge was filed.")]. Thus, the only thing that the EEOC decided was that it could not process [plaintiff's] charge within 180 days because its Boston area office is too busy or perhaps that it was easier to leave that decision to this Court in light of the pending case.

*Id.* at \*2 n.3. As a result, the Court in *Welch* denied the pending motion for leave to amend the previously dismissed discrimination claim as the proposed new Title VII claim was time-barred; the EEOC's issuance of a right-to-sue letter did not remedy its untimeliness. *Id.* at \*2.

Here, Ms. Harvey's right-to-sue letter simply states that the "EEOC is closing this charge because: Charging Party is pursuing claims in another forum." Complaint, Ex. A. The EEOC did not make any sort of determination regarding timeliness, or tolling, or address in any way the fact that the Charge is time-barred. *See id.* Instead, like the right-to-sue letter in *Welch*, the only thing that the EEOC decided here was that Ms. Harvey was pursuing her claims in another forum, based on Ms. Harvey stating her intention to file a civil lawsuit and withdrawing the Charge from the MCAD in order to do so. The EEOC Letter in no way indicates that the EEOC decided that the clearly time-barred claim is not actually time-barred. Indeed, Ms. Harvey's claims are indisputably time-barred. *See* Arnold Aff., Ex. A, p. 2. Accordingly, as Ms. Harvey

8

failed to timely file with the EEOC, the Complaint should be dismissed.  *See Gamst*, 2024 WL 758173, at *3 (granting motion to dismiss where administrative charge was filed 318 days after latest alleged discriminatory conduct).

**C.      Equitable Tolling is Used Sparingly—Only in Limited, Exceptional Circumstances—and Plaintiff Failed to Allege Any Basis for Tolling Whatsoever.**

It is well-established that time limitations are strictly and narrowly enforced in discrimination cases, particularly in federal court.  *See, e.g., Jensen v. Frank*, 912 F.2d 517, 521 (1st Cir.1990) (stating that the First Circuit has taken a "narrow view of equitable modification in Title VII cases"); *Conroy v. Boston Edison Co.*, 758 F. Supp. 54, 60–61 (D. Mass. 1991) ("Federal courts, including the First Circuit, take an extremely narrow view of equitable modifications of the limitations periods in discrimination cases."); *Lopez v. Citibank, N.A.*, 808 F.2d 905, 906 (1st Cir.1987) (same); *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278–79 (1st Cir. 1999) ("the baseline rule is that time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly").  As a result, equitable tolling is sparsely applied and only appropriate in exceptional circumstances, and Plaintiff has alleged nothing of the sort.  *See, e.g., Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009); *Gamst*, 2024 WL 758173, at *3–4; *UMass-Amherst*, 2023 WL 8851056, at *21.

Indeed, in order for equitable tolling to apply to extend the statute of limitations, a plaintiff must plausibly allege that their failure to timely file a charge was due to circumstances beyond their control, such as a plaintiff filing late as a result of an agency or their employer affirmatively misleading them.  *See, e.g., Abraham*, 553 F.3d at 119 (declining to apply equitable tolling to untimely filing where plaintiff not receiving EEOC correspondence was due to his own failure to notify the EEOC of change of address); *Davis v. Lucent Techs., Inc.*, 251 F.3d 227,

9

234–35 (1st Cir. 2001) (declining to apply equitable tolling where only allegation indicating that plaintiff had been misled by agency was vague and unsubstantiated); *Cole v. Mt. Ida Coll.*, 885 N.E.2d 173 (Mass. App. 2008) (declining to apply equitable tolling in absence of evidence that plaintiff was dissuaded from filing withing limitations period); *Adamczyk v. Augat, Inc.*, 755 N.E.2d 824, 829–30 (Mass. App. 2001) (finding that plaintiff failed to demonstrate that defendant had made affirmative misleading statements to lull them into not asserting their claims).  Given the exceedingly limited circumstances where equitable tolling applies, the First Circuit has provided the following factors to consider in deciding whether to invoke equitable tolling: "(a) lack of actual notice of filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *See, e.g., Conroy*, 758 F. Supp. at 60–61.  The burden is on the plaintiff to demonstrate that they are entitled to equitable tolling, and this burden is a high one.  *See Farris v. Shinseki*, 660 F. 3d 557, 563 (1st Cir. 2011); *UMass-Amherst*, 2023 WL 8851056, at *21 (finding that to the extent plaintiff was seeking to invoke equitable tolling based on correspondence with the MCAD, the plaintiff had not met "high burden" of doing so).

Where, like here, a claim is time-barred and the plaintiff seeks to rely on equitable tolling to extend the statute of limitations to salvage the claim, failure to plausibly allege facts that meet the high standard for equitable tolling necessarily results in dismissal of the claim.  *See, e.g., Browne v. Sodexo, Inc.*, No. CIV.A. 10-11995-JLT, 2011 WL 2729205, at *6 (D. Mass. July 5, 2011), *report and recommendation adopted*, No. CIV.A. 10-11995-JLT, 2011 WL 2729212 (D. Mass. July 12, 2011) (granting motion to dismiss time-barred Title VII claim where plaintiff has

10

not provided any reason for failure to file on time, much less attempted to show that he was prevented from doing so due to circumstances beyond his control).

Here, Plaintiff's allegations fall far short of meeting the high standard for equitable tolling. Indeed, she has alleged nothing whatsoever to explain why, despite "presenting her claims of discrimination" to the MCAD on February 11, 2021, and despite the MCAD contacting her by letter dated May 17, 2021, to request additional information and encourage her to schedule an intake appointment, she waited until September 10, 2021, which was after the statute of limitations had already expired, to finally file the Charge. *See* Complaint, ¶ 42; Arnold Aff., Ex. C. Indeed, as the MCAD itself specifies, "scheduling your intake interview does not pause the time limit to file a complaint." Arnold Aff., Ex. A, p. 5. There is no basis on the record to find that equitable tolling should apply here, given that Plaintiff was clearly aware of the filing requirement, *yet inexplicably waited seven months from when she originally contacted the MCAD until when she eventually filed the Charge*. *See* Arnold Aff., Exs. A, C. That is a far cry from the diligence that is required to invoke equitable tolling, such that any attempt to toll the statute of limitations here fails under the third factor that the First Circuit considers, as well as others. *See, e.g., Conroy*, 758 F. Supp. at 60–61.

It is worth noting that "'Congress has expressed the limitations bar not in months or years, but in days.... Implicit in this legislation is a policy that there should be no delay in employment discrimination cases. It is a recognition that memories may fail in the workplace in recalling the minutia of what was said and what was done.'" *Welch*, 2021 WL 2018935, at *2 (quoting *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995)). Where, like here, a plaintiff fails to file a charge until months after the limitations period expired, and cannot meet the high standard required for equitable tolling, the claim should be dismissed as time-barred.

**D.      The MCAD Order is Not Binding on this Court, Which Makes an Independent Finding on Timeliness and Dismisses Cases as Time-Barred, Even When Doing So Is Contrary to the Agency's Findings as to Timeliness.**

Title VII contains a statute of limitations, and as a result, it is unaffected by state tolling decisions. *See Poirier v. Massachusetts Dep't of Corr.*, 186 F. Supp. 3d 66, 69 (D. Mass. 2016), *aff'd*, No. 16-1587, 2018 WL 11337451 (1st Cir. Feb. 22, 2018) (finding plaintiff's "Title VII claim is time-barred, because she filed her complaint with the EEOC more than 300 days after she was terminated" even though the MCAD had assumed timeliness, as the Court is "empowered to make an independent finding on timeliness, and [is not] not bound by the agencies' findings in this regard"); *Ekpe v. City of New York*, No. 20 CIV. 9143 (AT), 2024 WL 1621207, at *5 n.4 (S.D.N.Y. Apr. 12, 2024) (granting motion to dismiss untimely Title VII claim despite plaintiff's argument that "state executive orders tolling statutes of limitations during the COVID-19 pandemic apply to his federal claims," as when "a federal statute contains the statute of limitations, it is unaffected by state tolling rules"); *Verne v. N.Y.C. Dep't of Educ.*, No. 21 CIV. 5427 (JPC), 2022 WL 4626533, at *6 (S.D.N.Y. Sept. 30, 2022) (same); *Latif v. City of New York*, No. 20 CIV. 8248 (AT), 2024 WL 1348827, at *4 (S.D.N.Y. Mar. 28, 2024). Accordingly, an agency such as the MCAD or EEOC tolling the statute of limitations, or making a finding as to timeliness, is not binding on this Court. *See, e.g., Kocian v. Getty Ref. & Mktg Co.*, 707 F.2d 748, 754 n.9 (3d Cir. 1983), *cert. denied*, 464 U.S. 852 (1983); *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1017 (1st Cir. 1979), *cert. denied*, 445 U.S. 929 (1980); *Weise v. Syracuse Univ.*, 522 F.2d 397, 413 (2d Cir. 1975); *Poirier*, 186 F. Supp. 3d at 69; *Christo v. Edward G. Boyle Ins. Agency, Inc.*, 525 N.E.2d 643, 645 (Mass. 1988).

As a result, the MCAD Order did not toll the statute of limitations for Plaintiff's time-barred Title VII claim. *See, e.g., Poirier*, 186 F. Supp. 3d at 69. Given that Plaintiff cannot rely on the MCAD Order to salvage her Complaint, and, as set forth above, she has not alleged

anything in the Complaint that would justify applying equitable tolling principles here, Plaintiff's claims should be dismissed because she failed to timely file a charge of discrimination. *Gamst*, 2024 WL 758173, at *4 (granting motion to dismiss where underlying charge of discrimination was untimely and finding no reason to apply equitable tolling to untimely charge of discrimination where plaintiff did not act with reasonable diligence). Her failure to comply with the bedrock requirement that a plaintiff must file a charge of discrimination with the MCAD or the EEOC within 300 days is fatal to her Title VII claim.

## CONCLUSION

For the reasons set forth above, Defendant Brigham & Women's Hospital, Inc. respectfully requests that the Court dismiss this case in its entirety, with prejudice, due to Plaintiff's failure to state a claim upon which relief can be granted.

Respectfully submitted,

**BRIGHAM & WOMEN'S HOSPITAL, INC.**

By its attorneys,

 /s/ Elizabeth E. Monnin-Browder
Elizabeth E. Monnin-Browder (BBO# 679005)
       *Emonnin-browder@hrwlawyers.com*
John D. Arnold (BBO #699350)
       *Jarnold@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: April 29, 2024

13

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth E. Monnin-Browder, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Elizabeth E. Monnin-Browder

Elizabeth E. Monnin-Browder
