UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REGINA HARVEY, | * |
| Plaintiff, | * |
| v. | *  Civil Action No. 24-cv-10652-ADB |
| BRIGHAM & WOMEN'S HOSPITAL, INC. | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff Regina Harvey ("Plaintiff" or "Harvey") filed the instant action against Defendant Brigham & Women's Hospital ("Defendant" or "the Brigham") alleging discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.). Currently pending before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to file a claim with the Massachusetts Commission Against Discrimination ("MCAD" or "Commission") within the 300-day statute of limitations period. For the reasons set forth below, Defendant's motion is **GRANTED**.

1

**I.      BACKGROUND**

As a preliminary matter, in support of its motion to dismiss, the Brigham attaches several exhibits relevant to the Court's analysis of the instant motion, which it contends can be judicially noticed because they are official public records.  [ECF No. 6 at 5].[1]  Because they are documents of public record and because Harvey does not challenge their authenticity, the Court will consider the exhibits in ruling on the motion to dismiss.  United States v. Raytheon Co., 334 F. Supp. 3d 519, 523-24 (D. Mass. 2018) ("Because those documents are of public record and their authenticity is not in dispute, this Court takes judicial notice thereof."); Rodriguez v. Putnam Invs., No. 06-cv-10819, 2007 WL 9798216, at *2 (D. Mass. Sept. 15, 2007) (taking judicial notice of MCAD and EEOC records on a motion to dismiss); Douglas v. Hirshon, 63 F.4th 49, 57–58 (1st Cir. 2023) (recognizing district court discretion regarding consideration of external documents in a 12(b)(6) motion); Newman v. Lehman Brothers. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018) (same).

**A.  Factual Background**

Regina Harvey is a black woman who, at the time of the alleged misconduct, was sixty years old.  [ECF No. 1 ("Complaint" or "Compl.") ¶ 6; ECF No. 7-2 at 3].  A registered nurse

---

[1] These exhibits are: (1) a copy of Harvey's MCAD discrimination charge served to the Brigham on March 7, 2022, including an email correspondence between Harvey and the MCAD from September 13–14, 2021, [ECF No. 7-1]; (2) a copy of the charge re-served on May 19, 2023, including a copy of the notice transmitting the charge to the Equal Employment Opportunity Commission ("EEOC"), [ECF No. 7-2]; (3) a February 28, 2022 Order of the MCAD's Investigating Commissioner, [ECF No. 7-3 (the "MCAD Order")]; (4) Harvey's February 8, 2024 withdrawal request to the MCAD, [ECF No. 7-4]; and (5) Harvey's March 5, 2024 Emergency Motion to reinstate the case with the MCAD, [ECF No. 7-5].  Although the Court is not persuaded that the email correspondence between Harvey and the MCAD attached to ECF No. 7-1 constitute public official records, it will nonetheless consider them given that Harvey does not dispute their authenticity.  See Sheckley v. Lincoln Nat'l Corp. Emps.' Ret. Plan, 366 F. Supp. 2d 140, 147 n.2 (D. Me. 2005).

since 1997, Harvey began her career at Massachusetts General Hospital in 2003 and transferred to the Brigham in 2006. [Compl. ¶¶ 7–8]. There, over the course of approximately thirteen years, she received positive performance evaluations and was promoted three times. [Id. ¶¶ 9–12].

In 2018, the Brigham underwent a change in senior leadership and as a result Harvey "had a reporting structure" to Danika Medina ("Medina") for her nursing leadership responsibilities, but she otherwise continued to report directly to the Executive Director of Community Health. [Compl. ¶¶ 14–15].

Harvey alleges that Medina "subjected [] [her] to racial animosity and racial discrimination, both direct and indirect," and "treated [] [her] differently from white employees based on her race." [Compl. ¶¶ 16–17]. This discriminatory conduct included, among other things, "subtle" and "pervasive" "slights and insults" directed at Harvey, a "recommendation of disparate pay for [] Harvey compared to non-black employees," the "implementation of race stereotypes at work," and the devaluing of Harvey's role "in a racially charged manner." [Id. ¶¶ 17, 24, 26–27].

In one instance, Medina asked Harvey to complete a report, which Harvey submitted to Medina over email and in-person. [Compl. ¶ 18]. During a subsequent in-person meeting on or about June 18, 2020, Medina "contemptuously flung the unread [report] across her desk" and informed Harvey that she would be placed on a performance improvement plan ("PIP"). [Id.]. The PIP came despite a promise from the Executive Director of Community Health, Harvey's direct supervisor, that "she would not receive a corrective action" for a separate incident that had

3

occurred on June 3, 2020. [2] [Id.]. Medina then read selections from the PIP "in a racially demeaning manner" and had Harvey deliver a copy of the PIP, which falsely stated that Harvey and Medina had "mutually agreed" on the plan, to Human Resources. [Id. ¶ 19]. Harvey alleges that because of the PIP she did not receive her annual raise and evaluation in October 2020. [Id. ¶ 29].

Between approximately 2018 and 2021, Medina also repeatedly asked Harvey in one-on-one meetings about her plans over the next two to three years, [Compl. ¶ 21], and at one point mentioned to Harvey, in the presence of colleagues, about an opening at another medical center, [id. ¶¶ 22–23]. In so doing, "Medina was publicly encouraging [] Harvey to leave [the Brigham] and undermining her to her colleagues." [Id. ¶ 23]

As a result of this conduct, Harvey's mental health deteriorated, and she took a medical leave of absence on July 2, 2020. [Compl. ¶ 30]. Prior to her leave, Medina "bombarded" Harvey with calls and emails requesting information that "exacerbated her already intense emotional distress" and indicated to Harvey that "the discrimination would persist upon her return." [Id. ¶¶ 31–32]. On approximately October 1, 2020, Harvey "was forced to resign," advising the Brigham that "she was unable to tolerate the continued work environment and discrimination" perpetrated by Medina. [Id. ¶¶ 37–39]. Harvey asserts that this resignation constitutes a constructive discharge. [Id. ¶ 40].

On February 11, 2021, Harvey mailed an unverified complaint alleging discrimination against the Brigham to the MCAD. [MCAD Order at 1]. By letter dated May 17, 2021, the

---

[2] Harvey references a June 3, 2020 incident in her Complaint but fails to provide any further information. The Court assumes that Harvey refers to the June 4, 2020 incident referenced in the MCAD complaint where medical assistants in a COVID-19 testing unit she oversaw had not been equipped with N-95 masks. [ECF No. 7-2 at 3].

MCAD requested additional information from Harvey and "encouraged her to schedule an intake appointment." [Id.]. Harvey then "cured the filing defect by submitting a verification of her complaint" and "made multiple attempts to schedule an intake, resulting in her filing again on September 10, 2021." [Id.]; see also [ECF No. 7-1 at 4 (email exchange between Harvey and MCAD dated September 14, 2021, wherein Harvey verifies the charge)].

On February 28, 2022, MCAD, "[i]n in the interests of fairness and justice," accepted Harvey's complaint for "being timely filed as of February 11, 2021," and the complaint was authorized for investigation. [MCAD Order at 2].

MCAD subsequently served the complaint on the Brigham on March 7, 2022, and again on May 19, 2023.[3] [ECF Nos. 7-1 at 1–2; 7-2 at 2–3]. The MCAD charge was transmitted to the EEOC in mid-May 2023. [ECF No. 7-2 at 7–8].

On March 13, 2024, the EEOC issued a Dismissal and Notice of Rights letter, also known as a Right to Sue Letter, notifying Harvey of the dismissal of her charge and her right to sue in either federal or state court within ninety days. [ECF No. 1-1 at 1]. Just a few days later, on March 15, 2024, Harvey filed her Complaint in this Court, alleging one count of employment discrimination under Title VII of the Civil Rights Act.

**B. Procedural History**

In response to Harvey's Complaint, the Brigham filed its motion to dismiss on April 29, 2024. [ECF Nos. 5–6]. Harvey opposed on May 13, 2024, [ECF No. 8 ("Opp'n")], and the Brigham replied on May 22, 2024, [ECF No. 14 ("Reply")].

---

[3] The MCAD docket and EEOC/HUD numbers are identical on each charge.

## II.   LEGAL STANDARD

In a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).  "[A] complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief[,]'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)), and set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Pitta v. Medeiros, 90 F.4th 11, 17 (1st Cir. 2024) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).  Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

## III.   DISCUSSION

Under Title VII, employees are required to "exhaust the administrative process before filing a civil suit in court[,] and failure to do so normally precludes the filing of that claim." Posada v. ACP Facility Servs., Inc., 389 F. Supp. 3d 149, 158 (D. Mass. 2019) (first citing Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005); then citing Everett v. 357 Corp., 904 N.E.2d 733, 746–47 (Mass. 2009)).  "[T]he failure to exhaust this administrative process 'bars the courthouse door.'"  Franceschi v. U.S. Dep't of Veterans Affs., 514 F.3d 81, 85 (1st Cir. 2008) (quoting Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999)).  Specifically,

6

"an employee must first file a [verified] 'charge' with either: (1) the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful employment practice; or (2) a parallel state agency—in this case, MCAD—within 300 days of said practice," and receive a right to sue letter. Aly v. Mohegan Council, Boy Scouts of Am., 711 F.3d 34, 41 (1st Cir. 2013) (citing 42 U.S.C. § 2000e–5(e)(1); Mass. Gen. Laws ch. 151B, § 5; Jorge, 404 F.3d at 564); Maillet v. TD Bank U.S. Holding Co., 981 F. Supp. 2d 97, 99 (D. Mass. 2013); see also Savage v. City of Springfield, No. 18-cv-30164, 2021 WL 858409, at *5 (D. Mass. Mar. 8, 2021) (discussing administrative exhaustion pursuant to Title VII and noting that there are two distinct components, "the timely filing of a charge with the EEOC [or MCAD] and the receipt of a right-to-sue-letter" (citation omitted)). Notably, the two commissions have a "worksharing agreement" whereby "claims filed with either the MCAD or the EEOC are effectively filed with both agencies." Davis v. Lucent Techs., Inc., 251 F.3d 227, 230 n.1 (1st Cir. 2001); accord Goldstein v. Brigham & Women's Faulkner Hosp., Inc., 80 F. Supp. 3d 317, 321 n.5 (D. Mass. 2015).

The MCAD Rules of Procedure define its procedural guidelines for filing administrative charges. They require, among other things, that a charge identify the complainant and the employer, the dates on which the alleged unlawful discriminatory act occurred, and a concise statement of the alleged misconduct. 804 CMR § 1.04(6)(a)–(e). A charge must also be signed and verified under the pains and penalties of perjury by the complainant. Id. § 1.04(5). MCAD procedure additionally requires that a complaint is either filed "by delivering a copy in person[,] . . . by U.S. mail" or "by intake" at any of the Commission's offices. Id. § 1.04(2)(a)–(b).

Here, the parties disagree about whether Harvey filed the MCAD complaint within the 300-day statute of limitations which began to run on October 1, 2020, the day she resigned, and

7

would have expired on July 28, 2021.[4]  See [ECF No. 6 at 3 n.4; Opp'n at 3].  Whereas Harvey claims that she filed a timely claim on February 11, 2021, [Compl. ¶ 42], the Brigham argues that Harvey's charge of discrimination was filed on or about September 10, 2021, when she verified her complaint, and that her charge is therefore untimely.  [ECF No. 6 at 2–3, 7 (citing 804 CMR § 1.04(5))]; see also [ECF No. 7-1 at 4 (email dated September 14, 2021 wherein Harvey verifies the complaint "under the pains and penalties of perjury" in lieu of a handwritten signature due to COVID-19 restrictions); id. at 5 (in the same email exchange, MCAD wrote, "Please be advised that until you reply to this email agreeing to the [verification] language, you have not filed a complaint with the [MCAD].").[5]  Further, because the filing date of September 10, 2021 is also reflected on the charge itself, which was served on the Brigham on March 7, 2022 and May 19, 2023, respectively, "[t]here can be no actual dispute" that Harvey filed her charge on that date.  [ECF No. 6 at 6].  Finally, the Brigham argues that although MCAD elected to use February 11, 2021, as the filing date, that timeliness determination is not binding on the Court.  [ECF No. 6 at 1, 3, 12].

Harvey does not dispute that her initial complaint was unverified, but she attributes this to the COVID-19 pandemic, which prevented her from going to the MCAD office and signing the complaint.[6]  [Opp'n at 3].  Once she had cured the verification in response to the MCAD's

---

[4] The parties agree that the statute of limitations period commenced on October 1, 2020 when Harvey resigned.  [ECF No. 6 at 3 n.4]; [Opp'n at 3].

[5] Although the email exchange indicates that Harvey signed and acknowledged the complaint on September 14, 2021, [ECF No. 7-1], the Brigham, "for purposes of this [m]otion," sees no material difference as to whether the charge was filed on September 10 or 14, 2021, "as both dates fall outside the limitations period," [ECF No. 6 at 2 n.2].  Accordingly, the Court adopts September 10, 2021 as the date when Harvey submitted a verified complaint to the MCAD.  See [MCAD Order].

[6] The Court takes judicial notice of the fact that in response to the COVID-19 pandemic, and during the time period at issue, MCAD suspended in-person services.  (Opp'n at 3).  See Mass.gov, MCAD Annual Report Fiscal Year 2021, https://www.mass.gov/doc/mcad-fy21-

request made on May 17, 2021, the commission "accept[ed] the complaint for being timely filed as of February 11, 2021." [Opp'n at 3 (quoting MCAD Order at 2)]. Harvey asserts that because the MCAD adopted February 11, 2021 as the effective filing date, the Court should follow suit. [Opp'n at 3–5]. This Court disagrees.

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (alteration in original) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (additional citation and punctuation omitted)). Dismissal is only appropriate if, upon "review of the complaint, together with any other documents appropriately considered under Fed. R. Civ. P. 12(b)(6)," Blackstone, 244 F.3d at 197, "the pleader's allegations 'leave no doubt that an asserted claim is time-barred,'" Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (quoting LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 509 (1st Cir. 1998)), and "the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel," Trans-Spec, 524 F.3d at 320 (quoting LaChapelle, 142 F.3d at 509–10).

As an initial matter, the Court observes that Harvey's primary argument that "the February 11, 2021 filing with the MCAD acts as the filing date with the EEOC as a matter of law" misconstrues the issue at hand. [Opp'n at 1, 4–6]. The Brigham does not dispute that the MCAD and EEOC have a worksharing agreement and that a discrimination claim can therefore be filed with either commission. See generally [ECF No. 6; Reply]; see Davis, 251 F.3d at 230

---

annual-report/download (last visited Jan. 17, 2025). As such, the Court takes into account that Harvey was unable to file her MCAD complaint in-person.

n.1.  The question, rather, is whether this Court is required to adopt the MCAD's February 11, 2021 filing date.

Courts in this district are "empowered to make an independent finding on timeliness" and are not bound by the MCAD's or the EEOC's "findings in this regard."  Poirier v. Mass. Dep't of Corr., 186 F. Supp. 3d 66, 68 (D. Mass. 2016), aff'd, No. 16-1587, 2018 WL 11337451 (1st Cir. Feb. 22, 2018) (citing Goldman v. Sears, Roebuck & Co., 607 F.2d 1014, 1017 (1st Cir. 1979) ("the courts have generally made an independent review of the timeliness of the agency filing.")); see also Jahour v. Mass. Bay Transp. Auth., No. 23-cv-10993, 2024 WL 519562, at *4 (D. Mass. Feb. 9, 2024), appeal dismissed, No. 24-1243, 2024 WL 4110905 (1st Cir. July 8, 2024) (although EEOC did not dismiss plaintiff's complaint for untimeliness and issued a right to sue letter, the court dismissed plaintiff's complaint in part as untimely).  As such, the Court need not adopt the MCAD's February 11, 2021 filing date, as Harvey suggests it must.[7]

"There are two related doctrines by which a plaintiff's failure to make a timely filing with the necessary agency may be excused: equitable estoppel and equitable tolling."  Conroy v. Bos. Edison Co., 758 F. Supp. 54, 60 (D. Mass. 1991) (citing Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 752 (1st Cir. 1988)).  Whereas "[e]quitable estoppel is invoked where the plaintiff reasonably relies on the misleading representations of his or her employer," equitable tolling comes into play "when the plaintiff relies on misrepresentations by the EEOC or the [MCAD]."  Id. (citing Kale, 861 F.2d at 752).

Here, by adopting the February 11, 2021 submission as the operative charge "in the interest of fairness and justice," the MCAD seemingly concedes that the September 10, 2021

---

[7] Neither is the fact that the EEOC issued a right to sue letter dispositive of a timeliness finding. See Jahour, 2024 WL 519562, at *4.

filing of the verified complaint was untimely. This Court, however, finds no reason to invoke equitable tolling given the circumstances of the case.[8] The First Circuit has held that "equitable tolling is reserved for exceptional cases," Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998), and is to be used sparingly, see Aresty Int'l Law Firm, P.C. v. Citibank, N.A., 677 F.3d 54, 58 (1st Cir. 2012). Specifically, courts must consider the following factors when deciding whether to apply the doctrine of equitable tolling: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirement." Ogiemwonyi v. United States, No. 14-cv-12329, 2014 WL 3925502, at *2 (D. Mass. Aug. 12, 2014) (quoting Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48 (1st Cir. 2005)). Additionally, courts must also consider whether the plaintiff retained an attorney. Conroy, 758 F. Supp. at 61.

Although there is no indication that Harvey retained counsel during the relevant limitations period, the Court notes that nothing in Harvey's Complaint or her Opposition suggests that Harvey was unaware of the filing requirements or that she lacked constructive knowledge of the requirements. Beyond stating that she was unable to visit the MCAD office in person due to the COVID-19 pandemic, Harvey remains silent on what actions, if any, she took after May 17, 2021, when the MCAD followed up on her initial submission, and why she did not schedule a remote intake interview or verify the complaint prior to July 29, 2021. [Opp'n at 3; see generally id.]; see Benitez-Pons v. Commonwealth of P.R., 136 F.3d 54, 61 (1st Cir. 1998)

---

[8] Because neither doctrine is invoked by Harvey and Brigham only discusses equitable tolling, the Court does not consider equitable estoppel. In any event, there are no facts in the Complaint from which the Court could infer that Harvey was misled by her employer. See generally [Compl.].

11

("Equitable tolling is unavailable where a party fails to exercise reasonable diligence."). As such, this Court, although sympathetic to Harvey's plight, cannot find exceptional circumstances justifying equitable tolling. Jensen v. Frank, 912 F.2d 517, 522 (1st Cir. 1990) ("The Court has taught that '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded' even in sympathetic circumstances." (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (alteration in original))); see also Harrington v. Lesley Univ., 554 F. Supp. 3d 211, 225 (D. Mass. 2021) (rejecting plaintiff's argument that the Massachusetts Supreme Judicial Court's order to toll all civil statute of limitations periods in response to COVID-19 also tolled the Title VII limitations period because the MCAD had initial jurisdiction over the federal claims). While an amendment to the February 2021 complaint could have cured the defect in Harvey's submission, based on the facts before it, the Court cannot conclude that either she or the MCAD ever amended the unverified complaint.[9] Accordingly, the Court finds that Harvey's filing of the MCAD complaint was untimely.

## IV.   CONCLUSION

For the above reasons, the Defendant's motion to dismiss, [ECF No. 5], is **GRANTED**.

**SO ORDERED.**

January 28, 2025                                    /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE

---

[9] Although neither party references the provision, 804 CMR § 1.04(8)(b) of the MCAD procedural rules provides that "[w]here a filing within the statutory period is inadequate," a

> complaint . . . may be amended to cure technical defects or omissions, including failure to swear to the complaint, or to clarify and amplify allegations made therein. . . . Amendments shall relate back to the original filing date.

Mohegan Council, 711 F.3d at 41 (quoting 804 CMR § 1.04(8)(b) (formerly cited § 1.10(6)(a)).